IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal No. **3:10-CR-035-L** |
| | § | |
| **GEORGE BRENT CHIVERS** and | § | |
| **SHERRION DENISE MILLS CHIVERS** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendant Sherrion Denise Mills Chivers's Motion for Post-Verdict Judgment of Acquittal and Alternative Motion for New Trial, filed January 26, 2011; and (2) Defendant George Brent Chivers's Motion for Post-Verdict Judgment of Acquittal and Alternative Motion for New Trial, filed January 31, 2011. After carefully considering the motions, response, record, and applicable law, the court **denies** Defendant Sherrion Denise Mills Chivers's Motion for Post-Verdict Judgment of Acquittal and Alternative Motion for New Trial, and **denies** Defendant George Brent Chivers's Motion for Post-Verdict Judgment of Acquittal and Alternative Motion for New Trial.

**I.     Background**

The court tried this case in January 2011, and a jury returned a guilty verdict on January 21, 2011, against Defendants Sherrion Denise Mills Chivers and George Brent Chivers (collectively, "Defendants") on Counts One, Four, and Five of the indictment, which charged Defendants with conspiracy to commit mail fraud and substantive counts of mail fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1349, 1341, & 1342. Defendants now move for a postverdict judgment of acquittal, or alternatively for a new trial, because they contend that the jury verdict was

"manifestly against the evidence presented at the trial," and that the government "failed to prove the essential elements of the counts alleged . . . beyond a reasonable doubt."

## II. Legal Standard

Rule 29(a) of the Federal Rules of Criminal Procedure provides that after the government closes its evidence or after the close of all the evidence, on a defendant's motion, the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." In determining whether there is sufficient evidence to support a conviction, the court must determine "whether a rational juror could have found the elements of the offense proved beyond a reasonable doubt. In so doing, we view the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in support of the jury verdict." *United States v. Valles*, 484 F.3d 745, 752 (5th Cir.), *cert. denied*, 551 U.S. 1155 (2007).

Rule 33(a) of the Federal Rules of Criminal Procedure allows the court, upon a defendant's motion, to "vacate any judgment and grant a new trial if the interest of justice so requires." A motion for new trial should not be granted "unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict. A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant." *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004), *cert. denied*, 544 U.S. 978 (2005).

## III. Analysis

Defendants' trial lasted four days, from January 18, 2011, to January 21, 2011. Over the course of that time period, the government presented extensive evidence in support of its prosecution on the charges of mail fraud, conspiracy, and aiding and abetting. The jury ultimately returned a guilty verdict at the end of the period as to both Defendants.

During trial, the court and the jury heard evidence that reasonably established a pattern of fraudulent insurance claims filed by Defendants that arose from false police reports of allegedly stolen autodialers via carjackings and burglaries committed after dark while Defendants were moving from one office location to another. Evidence was also heard that specifically detailed the falsity of the purchase invoices for the allegedly stolen autodialers, as well as the suspicious timing of the autodialers' alleged purchases, contrasted with the timing of Defendants' acquisition of insurance policies covering them. Uncontroverted testimony from coconspirator Flynn Patrick Singleton was heard that outlined and detailed the overarching nature of the mail fraud scheme of which Defendants were a part. Additional evidence reasonably establishing the falsity of the robberies and burglaries that Defendants reported to police was also presented to the jury.

Viewing all of the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in support of the jury verdict, the court determines that the jury verdict was not "manifestly against the evidence." The court does not believe that the government "failed to prove the essential elements of the counts alleged . . . beyond a reasonable doubt," and determines that reasonable jurors could have returned a verdict of guilty based on the amount and quality of evidence that the government presented at trial. With respect to fraudulent intent, the circumstantial nature of the evidence presented was overwhelming, and reasonable inferences drawn therefrom could lead reasonable jurors to make a finding that Defendants possessed such fraudulent intent in their commission of the crimes charged. Accordingly, a judgment of acquittal is not warranted.

Because the court determines that the evidence was sufficient to lead reasonable jurors to enter a guilty verdict and to find that the necessary elements of the charged crimes were established

beyond a reasonable doubt, the court declines to grant a new trial. The court does not believe that the result at trial constituted a miscarriage of justice or that the weight of the government's evidence preponderated against the jury verdict.

IV. **Conclusion**

For the reasons stated herein, the court **denies** Defendant Sherrion Denise Mills Chivers's Motion for Post-Verdict Judgment of Acquittal and Alternative Motion for New Trial, and **denies** Defendant George Brent Chivers's Motion for Post-Verdict Judgment of Acquittal and Alternative Motion for New Trial.

**It is so ordered** this 8th day of April, 2011.

Sam A. Lindsay
United States District Judge